# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                        Case No.:  8:20-CR-138-T-36-JSS

**JHONIS ALEXIS LANDAZURI ARBOLEDA**
_____/

## AMENDED SENTENCING MEMORANDUM

The Defendant, JHONIS LANDAZURI ARBOLEDA, by and through his undersigned counsel, and pursuant to 18 U.S.C. § 3553(a), hereby files this memorandum and requests a variance from the advisory guideline range.  Since this Court continued sentencing, Mr. Landazuri is now safety valve eligible, and probation has filed an amended PSR.  (Doc. 491).   Probation calculates Mr. Landazuri's guideline range at base level 34, criminal history category I, 151-188 months.  Based in the information contained in this memorandum, we ask the Court to sentence Mr. Landazuri to 108 months in federal prison.

I. Statement of the Case and Outline of the Argument

On March 11, 2022, Mr. Landazuri was found guilty on two counts: 1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the United States in violation of 46 U.S.C. §70503(a), §70506(a) and 21 U.S.C. §960(b)(1); and 2) possession with the

intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1).

Defendant argues based on the section 3553 factors, especially Mr. Landazuri personal history and circumstances, that this case warrants a variance from the advisory guideline range. United States Probation calculates Mr. Landazuri's advisory guideline range at base level 34, criminal history I, range of imprisonment 151-188 months. (Dkt. 481, PSR ¶54). Because Mr. Landazuri meets the criteria for safety valve, there is no minimum mandatory in this case.

II. Sentencing Guidelines Are Advisory

After United States v. Booker, 543 U.S. 2209, 125 S. Ct. 738 (2005), sentencing requires a two-step process. The procedure was further clarified in Gall v. United States, 522 U.S. 38, 128 S. Ct. (2007). First, the district court must consult the United States Sentencing Guidelines and correctly calculate the sentencing range provided by the Guidelines. United States v. Livesy, 525 F.3d 1081, 1089 (11th Cir. 2008). Second, the district court must consider the factors outlined in 18 U.S.C. § 3553(a) to determine a reasonable sentence for the individualized case. Id. Moreover, as Gall makes clear, the sentencing court

"must make an individual assessment based on the facts presented." <u>Gall</u>, 522 U.S. at 50.

The Eleventh Circuit has held that district courts have wide discretion in sentencing after <u>Booker</u>. <u>United States v. Williams</u>, 435 F.3d 1350, 1356 (11th Cir. 2006). In <u>Williams</u>, the Eleventh Circuit affirmed the district court's sentence of 90 months imprisonment based on the district court's application of the § 3553(a) factors, even though the applicable guideline range was 188 to 235 months imprisonment. <u>Id.</u> at 1354. In affirming the sentence, the Eleventh Circuit noted that the district court had "disagreed with the 'mechanistic application' of the Guidelines in [the defendant's] case." <u>Id.</u> at 1355. The district court specifically stated that "there are occasions when the guidelines simply produce an unjust result." <u>Id.</u> at 1352. Based on the facts of the case before this Court, a guideline calculation would be an unjust result.

III. <u>Application of the 18 U.S.C. § 3553(a) Factors</u>

Based on the section 3553(a) factors, this Court should vary from the advisory guideline range. Under Section 3553, "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Paragraph 2 states that the court shall consider a number of factors as outlined below.

While Mr. Landazuri is not technically eligible for acceptance of responsibility because his case proceeded to trial, this Court is well aware that the three lawyers involved in this case litigated jurisdiction to whether the government could prove that the defendants knew that cocaine was in the hull of the boat. Mr. Landazuri has since fully debriefed with the United States. If acceptance did apply, Mr. Landazuri's base level would be 31, criminal history category I, 108-135 months. While Mr. Landazuri is not asking this Court to find that acceptance applies, this calculation is just to give the Court a rationalization for Defendant's request for a nine (9) year, or 108 month sentence.

## A. The Nature and Circumstances of the Offense

This Court is well aware of the nature and circumstances of the offense, as this case proceeded to a jury trial. Mr. Landazuri and his co-defendants were convicted of transporting 430 of kilograms of cocaine in a go-fast vessel off the coast of Panama. Mr. Landazuri did not attempt to flee and was cooperative with law enforcement. Mr. Landazuri proceeded to trial on the theory that the United States could not prove that Mr. Landazuri was in a conspiracy to transport cocaine or that Mr. Landazuri was in knowing possession of cocaine. The jury found Mr. Landazuri guilty on both counts.

### B. Mr. Landazuri's Personal History

The "history and characteristics of the defendant" are also among the first factors that a court is instructed to consider in sentencing. See 18 U.S.C. § 3553(a)(1). Mr. Landazuri was born in Columbia on January 6, 1989. Mr. Landazuri grew up extremely poor. Mr. Landazuri has 2 children ages 13 and 4. At the time of his arrest, Mr. Landazuri was renting a two-bedroom apartment that did not have a bathroom or running water.

Mr. Landazuri has taken his arrest, incarceration, and separation from his family very hard. He suffers from depression and would like to receive mental health counseling while in prison.

### C. Adequate Deterrence to Criminal Conduct

Mr. Landazuri has no criminal history. There is no need for this Court to sentence him to a guideline sentence as an adequate deterrence for criminal conduct. Nine (9) years in federal prison is certainly sufficient to effectuate the goals of deterring future criminal conduct.

### D. Protect the Public from Further Crimes

This Court need not sentence Mr. Landazuri to a guideline sentence to protect the public from him. He has no previous criminal history. He has no history of violence. At the end of a lengthy prison sentence, Mr. Landazuri will be

deported to Columbia. A prison sentence of longer than nine (9) years is not necessary to protect the public from Mr. Landazuri.

IV. Conclusion

A jury convicted Mr. Landazuri of knowingly transporting and being in possession of cocaine while on board a vessel subject to the jurisdiction of the United States. A 108-month sentence is more than sufficient to comply with purposes of sentencing under the 3553 factors. Accordingly, Mr. Landazuri requests that the Court consider the information outlined in this memorandum in determining his sentence, and apply a variance based on the section 3553 guidelines and sentence him to 108 months.

Respectfully submitted,

\_\_s/ William Sansone\_\_\_\_
William F. Sansone, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 23, 2022, I electronically filed the foregoing Sentencing Memorandum with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

The United States Attorney's Office

\_\_\_s/ William F. Sansone\_\_\_\_\_
WILLIAM F. SANSONE

Sansone Law, P.A
609 West De Leon Street
Tampa, Florida 33606
813/361-0874
FBN 781231
bill@sansone-law.com